IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DARIUS JORDAN,

    Defendant.
                            /

No. C 10-00669 WHA

**ORDER REGARDING MOTIONS *IN LIMINE***

       A pretrial conference was held on January 13, in advance of which a number of motions *in limine* were filed and responded to by the parties. This order memorializes the resolution of such motions as stated at the pretrial conference.

       As an admonition pertaining to all evidentiary rulings, whenever a motion to exclude evidence is denied, that does not mean the evidence is admitted. It means that it will come into evidence if the proper foundation is laid by the offering party. It means that it is not excluded on the grounds asserted in the pending motion.

**DEFENDANT'S MOTIONS *IN LIMINE***

**1.** **To preclude ultimate opinion of guilt by law enforcement fact witnesses**

       The motion is granted in part and denied in part. The government can ask law enforcement fact witnesses if defendant's pockets were big enough to hold a gun. The government can ask them if defendant's pockets were big enough to hold his hands and a gun. The government can ask if defendant's appearance at the time was consistent with his hands and a gun being in his pockets. The government *cannot* ask law enforcement fact witnesses if

defendant appeared to have a gun, *unless* defense counsel opens the door to that question on cross-examination.

**2.    To exclude negative fingerprint opinion testimony**

The motion is denied with one exception: the witness, Inspector Gregory, is limited to testifying, as stated in the government's Rule 16 disclosures, that the "overwhelming majority of tests" he conducts for latent fingerprints result in no recovery of useable fingerprints from firearms. He may not testify as to a specific number or percentage of tests in which he has or has not recovered useable fingerprints, *unless* defense counsel opens the door to such testimony on cross-examination.

**3.    To exclude other acts evidence under Rules 404(b) and 403**

Based on the pretrial record, the motion is granted to the following extent: the government shall not raise the issue of defendant's gang membership, because at this stage its prejudice outweighs its probative value under Rule 403, *unless* defense counsel opens the door to such evidence. This ruling is subject to revisiting during trial. For now, the government may not put in evidence about defendant's tattoos, or have law enforcement witnesses testify that they are members of the gang task force. The government may, however, allow law enforcement witnesses to testify that they recognized defendant on the day in question.

**4.    To exclude evidence of alleged gang affiliation**

The motion is granted only to the extent stated as to defendant's motion *in limine* No. 3.

**5.    To preclude improper use of defendant's recorded statement**

The parties agreed to meet and confer on this matter and raise specific issues with the Court if they arise.

**6.    To exclude undisclosed evidence under Rule 16**

At the pretrial conference the government represented that it has turned over all of the Rule 16 material in its possession. Defense counsel reserved the right to object if any newly-acquired evidence is turned over too close to trial.

**7.    To exclude extraneous details of prior conviction**

The parties agreed to the following stipulation: "The parties hereby stipulate that Defendant Darius Jordan was convicted in 2008 of grand theft from a person, a crime punishable by imprisonment for a term exceeding one year."

The remainder of the motion is granted in part and denied in part to the following extent: The government can use the words "felon" and "felony" at trial, but not repeatedly in such a way as to inflame the jury. The defense may put into evidence the conditions of defendant's stay away order. The defense was put on notice that by doing so it may open the door to gang-membership evidence. The parties may ask a witness whether it was a condition of defendant's probation that he stay away from the area.

The parties shall not put into evidence the conditions of defendant's sentence for his prior conviction, *unless* they make a request to the Court to do so in advance of doing so.

**GOVERNMENT'S MOTIONS *IN LIMINE***

**1.    To exclude examination of law enforcement officers re *Henthorn*-type disclosures**

The motion was granted only to the following extent: before defense counsel asks *Henthorn* questions of government witnesses on cross-examination, they must raise such questions with the Court outside the hearing of the jury.

**2.    Defendant showing of a good faith basis to allege another party is guilty of an offense**

Defense counsel stated that the defense does not plan to argue that another specific person committed the alleged crime, and that it will let the government and the Court know if that changes.

**3.    Defendant should be precluded from introducing self-serving hearsay statements**

The parties agreed to meet and confer on this matter, along with defendant's motion *in limine* No. 5, and raise specific issues with the Court if they arise.

3

1  As a final miscellaneous matter, it was agreed that defense counsel will not insinuate to
2 the jury that the defense did not have a full and fair opportunity to do forensic testing of the
3 evidence.

**IT IS SO ORDERED.**

Dated: January 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4