United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARIUS JORDAN,<br><br>Defendant.<br>_____/ | No. CR 10-00669 WHA<br><br>**MEMORANDUM OPINION REGARDING ORDER DENYING BATSON CHALLENGE** |

During jury selection in the trial of this matter on Wednesday, January 26, 2011, the defense asserted a *Batson* challenge to the government's peremptory strike of Ms. Gwen Butler from the jury panel. This memorandum opinion memorializes the oral ruling denying the defense's challenge.

The Equal Protection Clause forbids the striking of potential jurors solely on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). A violation of equal protection under *Batson* is established in a three-step process: (1) the defense must make out a prima facie case that the prosecutor exercised peremptory strikes on the basis of race "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose"; (2) if the prima facie case is made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question; and (3) if the prosecutor carries the burden of showing a race-neutral explanation, the defense has the burden to prove purposeful discrimination. *Batson*, 476 U.S. at 93–94, 97–98.

1    During the Court's review of the parties' peremptory strikes to the jury panel, the defense
2 asserted its *Batson* challenge to the government's strike of Ms. Butler. It stated, as is prima facie
3 showing, that Ms. Butler was one of two African-American women on the panel of 32
4 individuals. The only other African-American woman was at the end of the panel (she later
5 became one of the alternate jurors). The defense argued that Ms. Butler's noncontroversial
6 answers to voir dire questions and the paucity of African-American panel-members created the
7 basis for its challenge.

8    The government argued that this was not a sufficient prima facie showing, especially
9 given that the defense itself struck the only African-American man on the panel. Defense counsel
10 countered that the male panel-member presented a very different situation because of a past
11 experience that he had shared with the Court and counsel outside of the presence of the other
12 panel-members.

13    Without conceding that the defense had made a prima facie showing, the government
14 stated that its reasons for striking Ms. Butler were that (i) her repeated coughing made it difficult
15 to hear various responses by others during voir dire, such that she would during trial interfere
16 with other jurors' ability to hear the evidence; (ii) government counsel represented that they
17 observed her nod off on a couple of occasions and to be not readily responsive when the panel-
18 members were asked to raise their hands in response to questions; and (iii) having her as a juror
19 would require deliberations to end at 1:00 p.m. on Thursday, February 3 (deliberations are
20 expected to have begun by then), because she has a fixed and immovable doctor's appointment
21 scheduled during that afternoon.

22    As stated during the proceedings in overruling the defense objection on the basis of
23 *Batson*, the defense did not make out a prima facie showing "that the totality of the relevant facts
24 [gave] rise to an inference of discriminatory purpose." Ms. Butler was the only African-
25 American panel-member struck by the government, out of six strikes. The defense itself struck
26 the only other African-American individual on the panel who could have made it onto the main
27 jury of twelve. Of its six strikes, the government struck four Caucasian individuals, one Asian
28 individual, and Ms. Butler. There was no pattern of exclusion of African-American panel-

members to create an inference of discrimination. *See Fernandez v. Roe*, 286 F.3d 1073, 1078 (9th Cir. 2002). And there were no other facts that would give rise to an inference of a discriminatory purpose by the government.

Even assuming a prima facie case was made by the defense, the government articulated several race-neutral reasons for striking Ms. Butler, and those reasons were explicitly found at the proceedings by the Court to be good faith reasons. *See United States v. Mitchell*, 502 F.3d 931, 958 (9th Cir. 2007). The record shows that Ms. Butler was asked a few times by the Court itself if she was sick and her response was that she was not sick but that she has asthma. These questions were prompted by her repeated coughing during voir dire that was disruptive and would have likely continued to be disruptive during the hearing of testimony at trial. The record reflects further that there was significant discussion about the problem of interruption of deliberations on February 3 by 1:00 p.m. so that Ms. Butler would be able to keep a medical appointment that afternoon. The government could have very legitimate reasons for wanting the jury to have an opportunity to deliberate into the afternoon on what will likely be the first or second day of deliberations. The Court did not notice any nodding off but possibly it happened and the judge missed it. If the government made such observations, they would also provide race-neutral reasons for the strike.

Dated: January 31, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3